UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS

FILED
CLERK'S OFFICE

2010 MAR -5  P 1:38

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| THOMAS A. OVERBAUGH, )<br>        Plaintiff, )<br>                        )<br>                        )<br>-vs-                    )<br>                        )<br>                        )<br>KIMBERLY A. GAYLORD, )<br>DALE GAYLORD            )<br>        Defendants, )<br>_____) | Civil Case No.<br><br>JURY TRIAL DEMANDED<br><br>10-30046-KPN |

## COMPLAINT

NOW COMES, the Plaintiff, Thomas A. Overbaugh, Pro Se, In Forma Pauperis, as a Complaint against Defendants Kimberly Gaylord and Dale Gaylord; states and alleges as follows:

### VENUE

1.  Venue is properly placed before this Court pursuant 28 U.S.C. §1391 (a)(2), and (a)(3) where a substantial part of the property that is the subject part of the action is situated therein, and a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced.

### JURISDICTION

2.  The district court has jurisdiction over this case pursuant to 28 U.S.C. §1331, 1332(a)(1) on diversity of citizenship.

COMPLAINT IN THE INTENTIONAL TORTS OF FRAUD AND LARCENY

3.  Plaintiff Thomas Overbaugh is a resident of the County of Rennselaer, State of New York.

4.  Defendant Kimberly Gaylord has also used the name of Kimberly Mitchell.

5.  Defendant Kimberly Gaylord has also used the name of Kimberly Overbaugh.

6.  Defendant Kimberly Gaylord has also used the name of Kimberly Baldwin.

7.  Defendant Kimberly Gaylord has also used the name of Kimberly Smith.

8.  Defendant Kimberly Gaylord is a resident of 146 Middlefield Road, Peru Massachusetts.

9.  Defendant Dale Gaylord is a resident of 146 Middlefield Road, Peru Massachusetts.

10.  Defendant Kimberly Gaylord was convicted of money laundering and sentenced to 18 months in Federal Prison, in June of 2005.

11.   Plaintiff Thomas Overbaugh was/is the President and sole
shareholder of New York corporations Taconic Valley Trucking Inc.,
Taconic DECO Leasing Corp., and Taconic Properties Inc., hereinafter
collectively "Taconic".

12.   Plaintiff Thomas Overbaugh is/was the sole owner of
residential property located at 77 Nora Way, Stephentown New York,
County of Rennselaer.

13.   Defendant Dale Gaylord had no pecuniary investment in Taconic
or 77 Nora Way.

14.   Defendant Kimberly Gaylord had no pecuniary investment in
Taconic or 77 Nora Way.

15.   Defendant Kimberly Gaylord performed clerical duties, including
banking, accounts receivable, accounts payable and payroll on
behalf of "Taconic".

16.   Defendant Dale Gaylord performed mechanical duties for
"Taconic".

17.   Defendant Kimberly Gaylord hired Defendant Dale Gaylord,
compensation included payments in cash.

18.   The U.S. Attorneys office for the Northern District of New York has indicated to Defendant Kimberly Gaylord that, by their accounting, in excess of $100,000. of Plaintiff Thomas Overbaugh's funds/property remains unaccounted for.  The position of the U.S. Attorneys office is that Defendant Kimberly Gaylord embezzled those funds.

19.   From late 2002 continuing through September 2009, Defendants Kimberly Gaylord and/or Dale Gaylord liquidated and or attempted to liquidate personal and corporate (Taconic) assets of Plaintiff Thomas Overbaugh.

20.   At some point after September 2002, Defendants Kimberly Gaylord and Dale Gaylord caused the removal of personal and corporate assets from his residence at 77 Nora Way, Stephentown New York.

21.   At some point after September 2002, Defendants Kimberly Gaylord and Dale Gaylord caused the removal of personal and corporate assets from commercial property located at 1644 East Street, Pittsfield Massachusetts, County of Berkshire.

22.   Defendants Kimberly Gaylord and Dale Gaylord currently control and/or possess assets removed from 77 Nora Way and 1644 East Street, that they did not purchase.

23.   With regards to Plaintiff Thomas Overbaugh's companies, at no time was Defendant Kimberly Gaylord an officer or granted power of attorney to act in such capacity.

24.   At some point after September 2002, Defendant Kimberly Gaylord opened checking and/or savings account(s) on behalf of "Taconic".

25.   At some point after 2002, Defendant Kimberly Gaylord opened corporate financial accounts on behalf of "Taconic" while representing herself as an officer of the company(s) and/or by virtue of power of attorney authorizing her to do so.

26.   At some point after 2002 Defendant Kimberly Gaylord used funds in excess of $10,000. derived from "Taconic" to pay down personal debt, specifically a 2002 Jeep, titled to Defendant Kimberly Mitchell(Gaylord).

27.   After consummating the transaction outlined in #26, Defendant Kimberly Gaylord attempted to hide the nature of the transaction by transferring title to her mother, one Sue Mitchell.

28.   At some point after September 2002 Defendant Kimberly Gaylord opened a corporate account at Hudson River Savings Bank in Nassau New York. Defendant Kimberly Gaylord deposited funds from revenue generated by "Taconic" and then was able to write checks against those deposits.

29.  Defendant Kimberly Gaylord, used the same money laundering scheme, used with Hudson River Savings Bank at a Massachusetts bank, namely Banknorth.

30.  Defendants Kimberly Gaylord and Dale Gaylord liquidated in excess of $250,000. in assets of Plaintiff Thomas Overbaugh and "Taconic".

31.  Additionally Defendant Kimberly Gaylord collected between $250,000. and $1,000,000. in accounts receivable on behalf of "Taconic".

32.  A full accounting as to Defendants Kimberly Gaylord and Dale Gaylords financial activities, as they relate to Plaintiff Thomas Overbaugh and "Taconic" has never been provided to Plaintiff.

33.  Defendants herein engaged in a scheme and artifice to defraud Plaintiff of assets and property in excess of $500,000.00, by trickery, deceit, and outright theft.  Through omissions, mis-representations, and false material misrepresentations, to the detriment and damages of the Plaintiff and his property.

34.  Defendants herein opened bank accounts while fraudulently
identifying to those financial  institutions they were authorized
by Taconic to act in such capacity.  they were not.  Defendants
then deposited checks generated by Taconic from invoices and sales
of assets.  Once checks, issued to Taconic were deposited into
accounts controlled by Defendants, Defendants diverted those funds
for personal use.  Defendants have been requested on numerous
occasions, both verbally and in writing to produce an accounting
of their financial activities as they relate to Taconic.  None
has been forth coming.  Defendants herein have liquidated and
continue to liquidate assets rightfully the property of Plaintiff
and his company, property stolen outright from Plaintiff by
the Defendants. Defendants have received large sums of cash, for
Plaintiffs property, including tractor trailer trucks, semi-trailers,
earth moving equipment, truck parts, and garage equipment, cash
Defendants have fraudulently kept.

35.  That by reasons of the above, Plaintiff has suffered damages
in a sum to be determined by a jury trial of this action by reason
of the intentional, willful and malicious conduct of the Defendants.

-7-

WHEREFORE Plaintiff demands judgement against defendants in
a sum the jury shall determine and such punitive damages as the
jury may award together with such other and further relief as
to this Court may deem just and proper.

DATED: March 1, 2010

THOMAS A. OVERBAUGH, Pro-Se
11546-052
POB 1000
Loretto, PA 15940

I, THOMAS A. OVERBAUGH, swear under the pains and penalty
of perjury (28 U.S.C. §1746) that the foregoing is true and
correct.   Executed this ___/___ day of ___March___ , 20/0 ,
at Loretto, Pennsylvania.

THOMAS A. OVERBAUGH